IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL A. NIEMAN,

    Plaintiff,

v.

JEANIE CHRISTENSEN,
DR. KAREN BUTLER,
SUSAN KNAPP,
JESICA TERCH,
TED ASHBECK,
DOCTOR FATOKEE and
DEBBIE KRUEGER,

    Defendants.

OPINION & ORDER

Case No. 18-cv-441-wmc

---

*Pro se* plaintiff Michael Nieman is pursuing claims that his constitutional rights were violated while being held at the Wood and Waupaca County Jails in 2015, after his injuries from an automobile accident went untreated. Specifically, based on allegations that jail employees failed to provide him needed medical care and take him to necessary appointments, the court previously granted Nieman leave to proceed on Fourteenth Amendment deliberate indifference claims against the following Wood County Jail employees: Officers Knapp, Ashbech and Terch; Nurse Christensen; and Dr. Karen Butler. He was also granted leave to proceed against Waupaca County Jail employees Officer Krueger and Dr. Fatokee. Defendants Ashbeck, Christensen, Knapp, Krueger and Terch are represented jointly and referred to here as the "County Defendants."

All defendants now seek summary judgment on Nieman's claims in this lawsuit on the ground that he failed to exhaust his administrative remedies before filing this lawsuit. (Dkt. ##30, 35, 37.) Because the undisputed evidence establishes that Nieman failed to

follow either the Wood *or* Waupaca County Jail's grievance procedures, all defendants are entitled to summary judgment on exhaustion grounds. Therefore, the court must grant defendants' motions, dismiss Nieman's claims without prejudice, and direct entry of judgment in defendants' favor.

## OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

In 2015, the Wood County Jail had a written policy outlining the procedure for inmates to file grievances and appeals. This policy was not only expressly incorporated into the Wood County Jail Rules, but upon booking, inmates are informed that a copy of the Jail Rules is available in each cellblock, and they were required to read the rules. More specifically, the jail's grievance procedures expressly required inmates to submit a written grievance on a Grievance Form, and if dissatisfied with the institution's response, to submit

2

a written appeal to the Wood County Jail Administrator.  (Dkt. #31-1, at 21.)  Inmates were directed to submit appeals on the Grievance Form "detailing the grievance and appeal within 48 hours of the inmate receiving the initial grievance response."  (*Id.*)  The Grievance Form is the same for initial grievances and appeals:  the top of the form contains a section for inmates to indicate whether the grievance is an initial grievance or an appeal. (*See* dkt. #31-1, at 22.)

The rules at the Waupaca County Jail were similar to those at the Wood County Jail.  Upon booking, inmates received a copy of the inmate handbook, which detailed the jail's grievance procedure.  That procedure required inmates to file written grievances and then file written appeals from the jail's response if dissatisfied.  Moreover, inmates were required to appeal a response to a grievance within 48 hours of the inmate receiving the initial grievance response.  (Dkt. #32-1.)

As already discussed, Nieman is proceeding on claims challenging how defendants handled his need for medical treatment following his May 2015 automobile accident. More specifically, Niemann is proceeding against the jails' doctors, Dr. Butler and Dr. Fatokee, for failing to treat his injuries and failing to provide Nieman prescribed pain medication.  Nieman is also proceeding against Officers Knapp, Ashbeck and Terch for failing to provide medical treatment or nutrition prescribed for his injuries, as well as failing to transport him to appointments for treatment.  Finally, he is proceeding against Nurse Christensen for failing to detail his needed medical treatment in a transfer summary.

The essential facts regarding Nieman's grievance challenges are as follows:  Nieman was booked into the custody of the Wood County Jail three times in 2015.  On none of those occasions is there any indication that Wood County failed to follow its standard

3

practice of informing inmates of its grievance procedures. On May 24, he filed four written grievances, but he did not file a written appeal to the responses provided by Wood County Jail to any of those grievances. In the first grievance, Nieman asked about a medication and a bandage, and Lieutenant Knapp responded in writing that the jail doctor had denied those prescriptions (Ashbeck Decl., Ex. B (dkt. #31-2).) In the second, Nieman wrote that he was coughing up blood, and Knapp responded that he had been seen by a nurse and doctor. (*Id.* Ex. C (dkt. #31-3).) In the third, Nieman asked about a wound dressing, and Knapp responded that a nurse indicated he could change his own dressing. (*Id.* Ex. D (dkt. #31-4).) Finally, Nieman's fourth grievance was unrelated to medical treatment.

On May 28, while still being held at the Wood County Jail, Nieman filed two more grievances. In the first, he reported chest and abdominal pain at around the same time that defendant Terch sent Nieman to an observation cell. (*Id.* Ex. G (dkt. #31-7).) Nieman was then seen by Dr. Butler for those complaints. In the second, he complained about prescription medications, and Knapp responded in writing that the unfilled prescriptions were not related to his automobile accident injuries. (*Id.* Ex. F (dkt. #31-6).) Again, Nieman filed no appeal from the jail's response to either grievance.

Nieman was next booked into the Waupaca County Jail on May 29, 2015. Nieman signed a receipt of its inmate handbook during his booking. Nieman proceeded to file just one written grievance while he was at the Waupaca County Jail in 2015. In that grievance, Nieman raised numerous medical concerns, to which he received a response on August 20, 2015. Nieman also did not appeal the response. Held by Waupaca County Jail until September 1, 2015, Nieman was then transferred to the Wisconsin Department of Correction's Dodge Correctional Institution.

Defendants seek summary judgment because Nieman failed to appeal *any* of his grievances raising concerns about his medical care at either the Wood or Waupaca County Jails. Nieman's arguments in opposition fail. First, Nieman contends that he did not have access to the appeal form at the Wood County Jail, but the same form was used for initial grievances *and* for appeals, with the inmate simply responsible for checking the appropriate box at the top of the form. Moreover, on each of the *six* grievances Nieman submitted, he submitted the same form, each time with the initial grievance box checked. Finally, Nieman does *not* attest that he did not check that box on each occasion or that he did not have access to that form after receiving responses to his grievances. Indeed, in five out of the six times he obviously did, and there is no reasonable basis to find the same as to his sixth grievance.

Second, Nieman argues that he was attempting to follow the chain of command because he tried to contact the Jail Administrator, and when that communication was unsuccessful, he wrote to a judge. However, the Wood County Jail procedures are plainly not satisfied by reaching out informally to the Jail Administrator if unhappy with a formal, written response. Rather, the rules stated that the next step was to submit an appeal on the Grievance Form. In any event, the County Defendants point out that in his communication to Officer Ashbeck, Nieman said that he wanted to speak to the sheriff "and his highest criminal and drug investigator" about "important matters." (Dkt. ##31-3, 31-5.) That communication does not suggest any attempt to grieve matters involving his need for medical attention or to attend off-site medical appointments. Likewise, the jail's procedures do not contemplate that an inmate may by-pass the administrative appeal process by contacting a judge about his or her grievance. Instead, the proper next step was

to appeal the grievance to the Jail Administrator using the Grievance Form, which he chose not to do.

Third, Nieman suggests that he did not have time to appeal the response to the one grievance he submitted at the Waupaca County Jail because he was transferred out of that jail too quickly. However, Nieman does not dispute that he received the response to that grievance on August 20, and he was not transferred for another 12 days. Nieman does not explain why he failed to appeal that response within the 48-hour deadline required by the jail's rules, much less at any time before his transfer twelve days later. Instead, he claims to have requested an appeal form on August 28th. Even then, however, Nieman admits he received the appeal form that same day (dkt. #39-1), meaning Nieman still had time to appeal the response over the next 48 hours, or by his September 1 transfer, in order to make at least a good faith attempt to meet the deadline. On these facts, Nieman's September transfer out of the jail provides no excuse for choosing to make no effort to appeal under the jail's grievance policy.

Fourth and finally, Nieman argues the merits of his claims in this lawsuit. However, the potential merit of a claim is irrelevant when considering whether a prisoner adequately exhausted administrative remedies. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

On the record at summary judgment, therefore, defendants have proven that no reasonable trier of fact could find Nieman exhausted his administrative remedies, and the court must grant defendants' motions for summary judgment. Consistent with case law, Nieman's claims in this lawsuit will be dismissed without prejudice. *See Ford v.* Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without

prejudice"). However, the court acknowledges that the dismissal will function as one with prejudice in practice, since it is too late for Nieman to exhaust his claims in this lawsuit. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. ##30, 35, 37) are GRANTED.

2. Plaintiff's claims in this lawsuit are DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 30th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge